FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 3 0 2014

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| vs. | |
| SALLY BLAKELY GUTHRIE | 13-CR-00008-WFN-17 |
| Name | File No. |
| | |
| | Telephone Number |
| Street Address | |
| | |
| City and State | |

## AGREEMENT FOR PRE-TRIAL DIVERSION

It appearing that you are reported to have committed an offense against the United States beginning on a date unknown by no later than October 2012 until on or about February 28, 2013, in violation of Title 18 United States Code, Section 4, in that you did have knowledge that Arvin CARMEN and others, were committing or had committed a felony against the United States, specifically engaging in an unlawful Conspiracy to distribute oxycodone hydrochloride, an opiate and Schedule II controlled substance, and that you failed to notify an authority under the United States that these individuals were committing or had committed the felony against the United States and took an affirmative act to conceal the crime. Upon your accepting responsibility for this act, and it further appearing, after an investigation of the offense, and your background, that the interest of the United States and your own interest and the interest of justice will be served by the following procedure, therefore,

On the authority of the Attorney General of the United States, MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, and Russell Smoot and Stephanie Van Marter, Assistant United States Attorneys for the Eastern District of Washington, prosecution in this District for this offense

shall be deferred for a period of 36[1] months from the date of the signing of this agreement, provided you abide by the following conditions and the requirements of the program set out below:

Should you violate the conditions of this supervision, the United States Attorney may revoke or modify any conditions of this pre-trial diversion program or change the period of supervision which shall in no case exceed 48 months. The United States Attorney may release you from supervision at any time. The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this supervision and will furnish you with notice specifying the conditions of your program which you have violated.

If, upon completion of your period of supervision, a pre-trial diversion report is received to the effect that you have complied with all the rules, regulations and conditions above mentioned, no prosecution for the offense set out on page 1 of this agreement will be instituted in this District, and Count 2 of Cause Number 13-CR-00008-WFN-17, will be dismissed.

Neither this agreement nor any other document filed with the United States Attorney as a result of your participation in the Pre-Trial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above described offense.

### CONDITIONS OF PRE-TRIAL DIVERSION

1. Cooperation:

The Defendant agrees to cooperate completely and truthfully with the United States as follows:

(a.)    Debriefings:

The Defendant agrees to participate in full debriefings by federal and local investigative agencies about all the Defendant's knowledge of illegal conduct, at times and places to be decided by these agencies. The Defendant agrees to provide complete, accurate and truthful information to these agencies. The Defendant agrees to not falsely implicate any person or entity and agrees to not protect any person or entity through false information or omission.

---

[1] After a period of 18 months, the Defendant may move for early termination.

It is understood that the Defendant may have an attorney present at any or all such debriefings.

(b.)  Testimony:

The Defendant agrees to testify completely and truthfully at any subsequent hearing, grand jury proceeding, or other federal or state court proceeding involving co-defendants or any other person involved in criminal activity.

Both the Defendant and the United States agree to request a reasonable continuance of the sentencing date in order to ensure that the Defendant testifies pursuant to this provision prior to sentencing. The Defendant also agrees to do whatever is requested regarding any extradition proceedings of co-defendants in this case.

(c.)  Notification:

The Defendant agrees to immediately notify the United States Attorney's Office if the Defendant is contacted, interviewed, subpoenaed or requested to testify for or against any other person.

(d.)  Effect of Breach:

The Defendant agrees that if the Defendant breaches this Pre-Trial Diversion Agreement, the agreement is null and void and the Defendant expressly waives the right to challenge the initiation of additional charges against the Defendant for any criminal activity and agrees that the United States may make derivative use of and may pursue any investigative leads suggested by the Defendant's statements and cooperation.

This agreement does not protect the Defendant from prosecution for perjury, obstruction of justice, or any other offense should the Defendant commit any crime during the Defendant's cooperation under this agreement.

2. You shall not violate any law (federal, state and local). You shall immediately contact your pre-trial diversion supervisor if arrested and/or questioned by any law enforcement officer.

3. You shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. In the absence of a special program, when out of work or unable to attend school, you shall notify your program supervisor at once. You shall consult your

program supervisor prior to job or school changes.

4. You shall continue to live in this judicial district. If you intend to move out of the district, you shall inform your program supervisor so that the appropriate transfer of program responsibility can be made.

5. You shall follow any other standard conditions imposed through United States Probation Office.

6. You shall report to your program assigned United States Probation Officer supervisor as directed and keep him informed of your whereabouts.

7. You shall have no contact with any Co-Defendants in Cause Number 13-CR-00008.

8. You shall plead guilty to the misdemeanor offense of Making a False Statement in violation of RCW 9A.76.175 in state court as arranged by the parties through State Prosecuting Attorney, Larry Haskel.

9. You shall pay a monetary fine to the United States Clerk' Office by mailing payment to the United States District Court, PO Box 1493, Spokane WA 99210-1493, in the amount of $6,000.

10. You agree to the administrative forfeiture of the $6,000.00 U.S. currency, seized from you on or about February 28, 2013, by the United States Drug Enforcement Administration (DEA). You agree to withdraw the claim you made in DEA's administrative forfeiture action, and to execute any forms or pleadings necessary to effectuate the forfeiture of the $6,000.00 to DEA. You stipulate and agree that you are the sole owner of the $6,000.00 and that no one else has an interest in the money. You acknowledge that the $6,000.00 is properly subject to forfeiture. You agree to hold all law enforcement agents and the United States, its agents and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of the $6,000.00 U.S. currency.

**Court Status**

I, SALLY BLAKELY GUTHRIE, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request that the United States Attorney for the Eastern District of Washington defer any prosecution of me for violation of Title 18, United States Code, Section 4 for a period of 36 months, and to induce him to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of  months, which is the period of this Agreement.

I hereby state that the above has been read by me. I understand the conditions of my pre-trial diversion and agree that I will comply with them.

_____    4·30·14
SALLY BLAKELY GUTHRIE                               DATE

_____    4-30-14
Kevin James Curtis                                              DATE
Defendant's Attorney

_____    4/30/14
Russell E. Smoot                                               DATE
Assistant United States Attorney

_____    4-30-14
Stephanie Van Marter                                      DATE
Assistant United States Attorney

APPROVED without passing judgment on the merits or wisdom of this diversion.

_____    4/30/14
Honorable Wm. Fremming Nielsen        DATE
Senior United States District Court Judge